## No. 655

### GLANZER v. TELLING BELLE VERNON CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7343. Decided May 16, 1927.

**396. DIRECTED VERDICT — 1.** Trial court not authorized to pass upon greater weight or probability of statements testified to by either side.

**2.** Where conflicting evidence makes issuable fact as to how accident happened, case should be submitted to jury.

**480. EVIDENCE—1.** Duty of trial court is to exercise liberality within reasonable bounds and permit either side to bring in all available evidence.

**2.** While speedy administrations of justice is highly desirable, great care must be had not to confuse same with hasty administration of justice.

**400. DISCRETION—Abuse** of discretion, in order to constitute ground for reversal, must be prejudicial and record must disclose probable prejudice to complaining party.

Error to Common Pleas.

Judgment reversed.

**First Publication of this Opinion**

LEVINE, J.

It appears from the record that after the plaintiff rested his case, a motion was made for a directed verdict, which motion was overruled. When the defendant completed its case and rested, at the suggestion of the court, the defendant renewed his motion for a directed verdict, and the same was granted by the trial court. It becomes necessary to determine from the record whether any evidence was presented by plaintiff which, under the scintilla rule prevailing in Ohio, compels a submission of the case to the jury.

The record discloses two versions as to how the accident happened. Plaintiff's version is that a fire truck, which he was driving in response to a fire alarm call, was going south on East 14th Street and that when it came near Central Avenue the bell and siren of the fire truck was caused to be sounded. A large five-ton truck belonging to the Telling Belle Vernon Company was proceeding to Cross E. 14th Street and Central Avenue, directly in the pathway of the fire truck. When the driver of the fire truck saw that the truck was crossing its pathway, apparently intending to go west on Central Avenue, he slowed the fire truck down and slightly turned from the westerly side of the street over toward the center of said street in order to permit the truck to completely cross the intersection. The truck, after it had proceeded more than half way across the intersection, suddenly turned and proceeded north down the center of East 14th Street, directly towards the on-coming fire truck.

The Telling Company offered testimony con-

tradicting this version of the accident. In substance, the driver of the Belle Vernon truck stated that when he came opposite the curb line of East 14th Street, he noticed the fire truck coming down East 14th St., that he knew the law that he should ride to the right hand curb and stop; that the closest curb was the one to the right and that he turned north on East 14h Street so that he came to a stop, or was stopping, when the fire truck slid sideways and hit the truck. He denied that he went to the intersection before making the turn.

When the trial court ruled upon the first motion to direct a verdict at the conclusion of plaintiff's evidence, it made use of the following language:

"The motion of defendant cannot be sustained at this time, as I see it, because there is a conflict of evidence as to whether the driver of the Telling Belle Vernon truck did use an ordinary degree of care in making the turn at the intersection."

We are of the opinion that the court was right and that the reason given for the court's action were sound.

The introduction of evidence in behalf of the defense which contradicted the version of the testimony given by plaintiff's witnesses, sought to exonerate the defendant from the charge of negligence based upon the ground that instead of proceeding westward and thus crossing the intersection, he suddenly turned northward and came into collision with the fire truck.

The trial court is not authorized to pass upon the greater weight or probability of the statements testified to by either side. There was clearly evidence of a conflicting nature which made it an issuable fact as to how the accident happened, which should have been submitted to the jury. In our opinion the trial court erred when it directed a verdict for the defendant, as it did at the conclusion of its evidence.

It is claimed that the trial court abused its discretion. In support of it plaintiff points to the record that the defendant brought this case to a close about 11:45 A. M.; that counsel for plaintiff desired the court to continue the case until 1:15 P. M.; that he might bring in rebuttal testimony. The trial court refused. Counsel for plaintiff explained to the court that he did not feel justified to close his case without rebuttal testimony, and that if the court insisted upon going forward immediately, it would be necessary for plaintiff to dismiss his case without prejudice. The trial court then requested the defendant to renew his motion for a directed verdict and granted the same as above stated.

The duty of the trial court is to exercise liberality within reasonable bounds and to permit either side to bring in all available evidence. While the speedy administration of justice is highly desirable, great care must be had not to confuse the same with hasty administration of justice. We can conceive of a case where such action on the part of a trial court might be regarded as abuse of discretion. In the case at bar, however, the record fails to disclose just what the nature and character of the rebuttal testimony would have been had the court granted the request of counsel for plaintiff and permitted him to introduce the same. Abuse of discretion, in order to constitute a ground for reversal must be such as

was prejudicial, and the record must disclose probable prejudice to the rights of the complaining party. Further discussion on that point however, becomes unnecessary in view of our holding that the court committed error in withdrawing the case from the jury and in directing a verdict for the defendant.

Judgment reversed.

(Sullivan, PJ. and Vickery, J., concur.)

..Attorneys—Moore, Mahon, Miller & Moore for Glanzer; Davis, Young & Vrooman for Belle Vernon Co.; all of Cleveland.